IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISON

| | |
|---|---|
| **CHARLES DUFF, on behalf of himself and all others similarly situated** ) ) ) | Case No. |
| ) | Judge |
| Plaintiff, ) ) | |
| vs. ) ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **KETTERING ADVENTIST HEALTHCARE d/b/a KETTERING HEALTHCARE NETWORK** ) ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. ) | |

Plaintiff Charles Duff, on behalf of himself and all others similarly situated, for his Complaint against Defendant Kettering Adventist Healthcare d/b/a Kettering Healthcare Network, alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Chapter 4111, and Ohio's statute requiring the semi-monthly payment of wages, Ohio Rev. Code 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA and Ohio Rev. Code § 4113.15 on behalf of himself and other similarly situated employees employed by Defendant in Ohio.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant because Defendant transacts business in this state.

5. Venue is proper in this Court because Defendant conducted activity that gives rise to this claim for relief in Fayette County, Ohio.

## PARTIES

6. Plaintiff is an adult individual residing in Germantown, Ohio.

7. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who were paid on an hourly basis.

8. At all relevant times, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and Ohio Rev. Code §§ 4111.03(D)(3) and 4113.15.

9. Defendant is a non-profit corporation that operates healthcare facilities in Ohio, under the trade name "Kettering Health Network."

10. Defendant's headquarters is in Kettering, Ohio which is located in Montgomery County, Ohio.

11. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and Ohio Rev. Code §§ 4111.03(D)(3) and 4113.15.

12. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

14. Defendant operates various hospitals, surgery centers and other healthcare facilities throughout southern Ohio.

15. As a healthcare provider Defendant maintains sterile environments. Defendant's employees who work in such sterile environments are required to change in and out of sterile clothing including scrubs at work ("Hygienic Practices").

16. If Defendant's employees who work in sterile environments do not follow the Hygienic Practices, it is likely that they will contaminate the sterile environments in which they work. This contamination could result in harm to Defendant's patients.

17. As such, it would be impossible for Defendant's employees who work in sterile environments to perform their work duties unless they followed the Hygienic Practices.

18. Thus, performing the Hygienic Practices is integral and indispensable to the work that Defendant's employees who work in sterile environments perform.

19. Moreover, the Hygienic Practices are an intrinsic element of the job duties of Defendant's employees who work in sterile environments. They cannot perform the work they are hired to do if they do not don and doff sterile clothing at work.

20. Consequently, time spent performing the Hygienic Practices by Defendant's employees who work in sterile environments is compensable work time within the meaning of the FLSA and OMFWSA.

21. Plaintiff's and other similarly situated employees' job duties involved working in a sterile environment.

22. Because Plaintiff's and other similarly situated employees' job duties involved the working in a sterile environment, they were required to don sterile clothing, such as sterile scrubs, before they could start their work.

23. Donning the sterile clothing at work was done at the specific direction of Defendant.

24. The donning of this sterile clothing by Plaintiff and other similarly situated employees was those employees' first principal activity of the day.

25. Likewise, at the end of their work shift, Plaintiff and other similarly situated employees were required to doff their sterile clothing.

26. Doffing the sterile clothing at work was done at the specific direction of Defendant.

27. The doffing of sterile clothing by Plaintiff and other similarly situated employees is those employees' last principal activity of the day.

28. Plaintiff and other similarly situated employees were non-exempt employees under Ohio and federal law and were paid an hourly wage.

29. Within the last three years, Defendant required Plaintiff and other similarly situated employees to don sterile clothing while at Defendant's facility, but prior to the start of their scheduled shift. Plaintiff and other similarly situated employees were not paid for this time.

30. After the end of their scheduled shift, Plaintiff and other similarly situated employees were required to doff their sterile clothing while at the Defendant's facility. Plaintiff and other similarly situated employees were not paid for this time.

31. Additionally, when leaving for unpaid lunches, Plaintiff and others similarly situated had to doff their sterile clothing, and when returning from unpaid lunches they had to don the sterile clothing. However, they were not paid for this compensable work that took place during the unpaid lunch time.

32. Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including donning and doffing time and associated travel.

33. Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sterile clothing or for associated travel.

34. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

35. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

36. The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was at approximately ten to fifteen minutes or more each day, if not more when accounting for all pre- and post-shift time, and work performed during unpaid lunches. This resulted in approximately 50 minutes to 1 hour and 25 minutes or more of unpaid overtime per class member, per week. Thus, in the aggregate, Plaintiff and the putative class and collective members have been unlawfully deprived of tens of thousands of hours of overtime pay.

37. The unpaid wages to which Plaintiff and the Class are entitled have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## OHIO CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action pursuant to Civ. R. 23(a) and (b)(3) on behalf of themselves and a class of persons employed by Defendant in Ohio within the last two years defined as:

> **All current and former hourly employees of Kettering Adventist Healthcare who worked in a sterile environment and were required to put on and take off sterile clothing without pay and worked 40 or more hours in any workweek at any time**

**during the two years preceding the date of the filing of this Action through final disposition of this matter.**

39. The Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Class but, upon information and belief, aver that it consists of at least 100 people.

40. There are questions of law or fact common to the Class including: whether Defendant failed to pay its employees for donning and doffing time and associated travel, whether that resulted in the underpayment of overtime, and whether Defendant failed to pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

41. Plaintiff will adequately protect the interests of the Class. Their interests are not antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Class in this case.

42. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Civ. R. 23 will enable the issues to be adjudicated for all Class members with the efficiencies of class litigation.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff also brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

45. The collective that Plaintiff seeks to represent and for whom Plaintiff seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> **All current and former hourly employees of Kettering Adventist Healthcare who worked in a sterile environment and were required to put on and take off sterile clothing without pay and worked 40 or more hours in any workweek at any time during the three years preceding the date of the filing of this Action through final disposition of this matter.**

46. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

47. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Ohio Overtime Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sterile clothing at work or for associated travel.

50. Donning and doffing sterile clothing at work was done at the specific direction of Defendant.

51. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

52. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their sterile clothing at work or for associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

53. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT TWO
### (FLSA Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sterile clothing at work or for associated travel.

56. Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

57. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their sterile clothing at work or for associated travel,

resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

58. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

59. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT THREE
**(Failure to Pay Wages on a Semimonthly Basis)**

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. R.C. 4113.15(A) requires that Defendant pay Plaintiff and the putative class and collective all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

62. Plaintiff's and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A).

63. In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

64. As a result of Defendants' willful violation, Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of themselves and all persons similarly situated, pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in an amount equal to the unpaid wages found due to Plaintiff and the putative class;

E. Award Plaintiff and the Ohio Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

F. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

G. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

H. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

        Respectfully Submitted,

        **NILGES DRAHER LLC**

        */s/ Hans A. Nilges*
        Hans A. Nilges (0076017)
        Shannon M. Draher (0074304)
        7034 Braucher St., N.W., Suite B
        North Canton, OH 44720
        Telephone:    330-470-4428
        Facsimile:    330-754-1430
        Email: sdraher@ohlaborlaw.com

        *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

        */s/ Hans A. Nilges*

        Counsel for Plaintiff