UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES DUFF,
on behalf of himself and all
others similarly situated,

    Plaintiff,

vs.

DAYTON OSTEOPATHIC HOSPITAL,

    Defendant.

Case No. 3:22-cv-305

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING THE PARTIES' JOINT MOTION FOR FAIR LABOR STANDARDS ACT ("FLSA") SETTLEMENT APPROVAL (Doc. No. 21); (2) APPROVING THE PARTIES' PROPOSED SETTLEMENT AGREEMENT AND ATTACHED EXHIBITS (Doc. No. 21 at PageID 96-126); AND (3) RETAINING JURISDICTION FOR 180 DAYS TO EFFECTUATE SETTLEMENT; AND (4) CLARIFYING THAT THIS CASE WITH THEN TERMINATE ON THE DOCKET**

---

Having reviewed the Agreement, as well as the parties' joint motion for FLSA settlement approval (Doc. No. 21), the Declaration of Hans A. Nilges, *id*. at PageID 128-33, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby **APPROVES** settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On October 28, 2022, Plaintiff filed his original Complaint, asserting collective and class claims for unpaid overtime and untimely wages under the FLSA, 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Chapter 4111, and Ohio Rev. Code § 4113.15. Specifically, Plaintiff alleged that Defendant failed to pay Plaintiff and others similarly situated for time spent donning and doffing sterile clothing at work, which allegedly resulted in violations of the FLSA and Ohio law. Doc. No. 1.

3. On December 19, 2022, Plaintiff filed an Amended Complaint, in which he replaced the originally named defendant, Kettering Adventist Healthcare d/b/a Kettering Healthcare Network, with the

presently named Defendant Dayton Osteopathic Hospital.  Doc. 9.  On January 11, 2023, Defendant filed its Answer, denying all liability.  Doc. No. 15.

4. Before the Court now is the Parties' Joint Motion for Fair Labor Standards Act Settlement Approval and Dismissal.

5. Settlement of FLSA claims is subject to approval by the Court.

6. The Agreement provides for class-wide settlement, notice to Eligible Settlement Participants, and settlement administration and distribution to Opt-In Party Plaintiffs as outlined in the Parties' Joint Motion, the Declaration of Hans A. Nilges, and the Agreement, along with its Exhibits A and B.

7. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

8. The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), along with dismissal of the FLSA claims and dismissal of the claims brought under Ohio law as outlined in the Agreement.

9. The Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

10. The Court approves the Service Award for Representative Plaintiff in recognition of his services in this Action and as consideration for a general release of claims, and as provided in the Agreement.

11. The Court approves the payment of Plaintiffs' counsel's attorneys' fees and costs as provided in the Agreement.  Plaintiffs' counsel has significant experience litigating Wage and Hour cases, and fees of one-third of common funds are typical for FLSA collective actions in this District.  *See Fields v. KTH Parts Indus., Inc.*, No. 3:19-cv-8, 2022 WL 3223379, at *7 (S.D. Ohio Aug. 9, 2022).  The Court further approves reasonable increases above the current estimated costs to account for unforeseen costs incurred in effectuating notice and settlement.

12. The Court orders that payments from the Global Settlement Fund, including Representative Plaintiff's Service Award, Plaintiffs' counsel's attorneys' fees and costs, settlement administration

costs, and distributions to Opt-In Party Plaintiffs, be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court dismisses, with prejudice, the claims of the Plaintiff, individually and on behalf of the Opt-In Party Plaintiffs, as provided in the Agreement. As set forth in the Agreement, Plaintiff and Opt-In Party Plaintiffs release all Released Claims against the Released Persons during the Released Period.

14. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

15. The Court retains jurisdiction over the Action for 180 days to enforce the terms of the Agreement. When that period ends on June 10, 2024, this case will terminate on the docket.

**IT IS SO ORDERED.**

December 11, 2023                  s/Michael J. Newman
                                                     Hon. Michael J. Newman
                                                     United States District Judge